# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY FAIR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-05-0907-F |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

Plaintiff's Motion to Remand (doc. no. 9), filed August 23, 2005, is before the court. Defendant has responded, and the motion is ready for determination.

When challenged by a motion to remand for lack of the requisite jurisdictional amount, a removing defendant has the burden of establishing that the amount in controversy exceeds $75,000. *See generally*, Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. Laughlin, 50 F.3d at 873. There is a presumption against removal jurisdiction and where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Martin, 251 F.3d at 1290, quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). At a minimum, defendant must prove the jurisdictional amount is in issue by a preponderance of the evidence. Martin, 251 F.3d at 1290.

The amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the allegations in the notice of removal.  Laughlin, 50 F.3d at 873.  When the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by underlying facts.  Archer v. Kelly, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).  A demand letter which outlines damages as evaluated by plaintiff's attorneys, and which lists physical and mental pain and suffering damages, provides a proper economic analysis under Laughlin.  Archer, 271 F.Supp. 2d at 1322-23.  Accordingly, when incorporated in the Notice of Removal, this type of demand letter is sufficient to satisfy defendant's burden to show that the requisite amount is in controversy.  *Id*.

Applying these standards, the court first finds that the amount in controversy cannot be determined by the allegations contained in the Petition.  The Petition alleges simply that "general and special damages total[] a sum in excess of $10,000.00." Moreover, unspecified punitive damages are also sought. Given the uncertainty of the amount in issue as alleged in the Petition, the court must examine the Notice of Removal to determine the amount in controversy.  The Notice states that the amount in controversy exceeds $75,000, exclusive of interest and costs.  To support this conclusion, the Notice references, and attaches as an exhibit, a demand letter which defendant states was served on defendant on or about March 3, 2004, prior to the date this lawsuit was filed in state court.  In the demand letter, plaintiff's attorney provides "an assessment of [plaintiff's] damages."  The letter itemizes $36,760 in actual damages.  It also itemizes 11 specific injuries and evaluates  associated damages for pain and suffering for each of those 11 injuries.  Those 11 categories of pain and suffering damages alone total $175,000.  The letter also requests additional pain and

suffering damages. Overall, the letter totals 14 different items of damages and assesses plaintiff's total actual damages, including pain and suffering damages, as equaling $321,760.52. The letter also offers to settle this action for $300,000. Plaintiff's motion for remand does not take issue with the authenticity of this demand letter or with any of the valuations it sets out.

In these circumstances, applying the standards of the legal authorities cited above, the court finds and concludes that the demand letter is sufficient evidence to meet defendant's burden to show that the requisite jurisdictional amount is in controversy. Therefore, plaintiff's Motion to Remand is **DENIED**.

Dated this 8th day of September, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0907p001(pub).wpd